PEOPLE, PLAINTIFF AND APELLEE, *v.* VALDESPINO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Aggravated Assault and Battery.

No. 1980.—Decided February 19, 1923.

DISMISSAL OF PROSECUTION—SPEEDY TRIAL.—The 120 days to which section 448 of the Code of Criminal Procedure refers are counted from the date of the filing of the information, but the time consumed in dilatory motions and rulings thereon is a good cause for the delay and justifies a refusal to dismiss.

The facts are stated in the opinion.

*Mr. B. Baigés Gómez* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

A grand jury indicted Ernesto Valdespino for assault
with intent to commit murder and upon trial he was found
guilty of aggravated assault and battery. From a judgment
which sentenced him to two years in jail the defendant ap-
pealed to this Court and prays for its reversal.

Although a statement of the case was brought up, the ap-
pellant has filed no brief in support of the appeal. This
omission on the part of the appellant would justify a dismis-
sal of the appeal, but as the transcript of the record discloses
that before the trial the defendant moved for his discharge
under subdivision 2 of section 448 of the Code of Criminal
Procedure, we think it proper to pass upon that question.

The indictment was presented on December 30, 1921, and
the defendant was tried on May 9, 1922. It is clear that the
120 days referred to in section 448, *supra,* had expired on
April 30, 1922. However, the trial court overruled the mo-
tion for the reason that upon arraignment the defendant
asked to be given until January 9, 1922, for pleading to the
said indictment and upon the arrival of that date he moved
for further time for the same purpose and finally filed his
plea on January 23, 1922. The court found that the dilatory
motions made by the defendant within the 120 days con-
stituted good cause for the delay. We think that the court
was justified in overruling the motion for dismissal on this
ground, because, as held by this Supreme Court in *People* v.
*Díaz et al.,* 22 P. R. R. 177, the 120 days within which criminal
actions should be tried are counted from the date on which
the indictment is filed, but time consumed in dilatory motions
is a good excuse for delay in bringing the case to trial and for
not dismissing the prosecution. It does not appear that in
passing upon the question of good cause in this particular
case the trial judge exceeded his discretional power, and the
defendant has made no attempt to show that he did.

Furthermore, the record discloses no error on the part of the trial court and, therefore, the judgment should be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.